Neff, Appellant, vs. Industrial Commission of Wisconsin and another, Respondents.

*April 5—October 23, 1917.*

*Workmen's compensation: Person employed under maritime contract.*

Where a sailor was employed upon a vessel duly registered and licensed to sail the Great Lakes, with the understanding that when repairs were completed he was to have regular employment as a wheelsman, the contract was a maritime one, and for injuries sustained while he was engaged in making the repairs no award can be made under the state Workmen's Compensation Act.

Appeal from a judgment of the circuit court for Dane county: E. Ray Stevens, Circuit Judge.  *Reversed.*

Action to set aside an order of the *Industrial Commission* awarding compensation to the defendant *Markman* for injuries received under the following circumstances as found by the *Commission:* In February, 1915, *Markman,* a sailor,

entered the employ of plaintiff, a resident of Milwaukee and the owner of the steamer Venezuela, then lying in the Burnham slip for repairs. It had been in the slip since the previous December, and the repairs were not completed till about the 1st of May, 1915, when it went into service again. It was a steamer of about 2,000 gross tonnage, was registered and enrolled under the laws of the United States, and from year to year previous to May 1, 1915, had been licensed to sail the Great Lakes. It was understood when *Markman* began to work for plaintiff that he was to have regular employment as a wheelsman when the repairs were completed. He remained in the service of plaintiff, assisting in the repairs of the boat, from February to April 3, 1915, when he was injured while engaged in repairing the boat. Plaintiff fully discharged his maritime obligations to him, but *Markman* made application to the *Industrial Commission* for compensation under the Wisconsin Workmen's Compensation Law, and compensation thereunder was awarded him by the *Commission*. The award was confirmed by a judgment of the circuit court, and plaintiff appealed.

For the appellant there was a brief by *Hoyt & Goff* of Milwaukee, and oral argument by *Frank M. Hoyt*.

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman*, assistant attorney general, and oral argument by *Mr. Gilman*.

VINJE, J. Plaintiff contends that his contract with *Markman* was a maritime one and that such contracts do not come under the provisions of the Wisconsin Workmen's Compensation Law; that the *Industrial Commission* was without jurisdiction to act, and for that reason its award was void and should have been set aside by the circuit court. The case of *Southern Pac. Co. v. Jensen*, 244 U. S. 205, 37 Sup. Ct. 524, decided by the supreme court of the United

States May 21, 1917, sustains his contentions and rules this case.   It follows that the judgment of the circuit court must be reversed.

*By the Court.*—Judgment reversed, and cause remanded with directions to set aside the order of the *Industrial Commission* awarding compensation to the defendant.