THORNTON *v*. GRAND TRUNK-MILWAUKEE CAR
FERRY CO.

1. MASTER AND SERVANT — JURISDICTION — ADMIRALTY — FEDERAL
DISTRICT COURT.
    Under Art. 3, § 2, and Art. 1, § 8, of the Federal Constitu-
    tion, and Judiciary Act of 1789, § 2, giving Congress para-
    mount power to fix and determine the maritime law which
    shall prevail throughout the country, plaintiff's claim for
    injuries received while working as a coal passer on an
    interstate car ferry on the Great Lakes falls within the
    admiralty jurisdiction of the United States district court.

2. SAME—WORKMEN'S COMPENSATION ACT—STATUTES—RETROACT-
IVE EFFECT—JURISDICTION.
    An amendment to the Federal judiciary act of 1789, saving
    to "claimants the rights and remedies under the work-
    men's compensation law of any State," was not applicable
    to plaintiff's case which was commenced and determined
    by the industrial accident board before the amendment
    was passed, there being nothing in the law to indicate
    it was to be given a retroactive effect.

Certiorari to Industrial Accident Board. Submitted
January 11, 1918. (Docket No. 48.) Decided July
18, 1918.

Thomas Thornton presented his claim for compen-
sation against the Grand Trunk-Milwaukee Car Ferry
Company for injuries received in defendant's employ.
From an order awarding compensation, defendant
brings certiorari. Reversed.

*W. A. Geer* and *R. R. Weaver* (*H. Geer* and *W. K.
Williams*, of counsel), for appellant.

*Louis H. Osterhous*, for appellee.

BIRD, J.   While plaintiff was engaged in his work
as a "coal passer" on the car ferry "Milwaukee" he

See notes in L. R. A. 1916A, 23; L. R. A. 1917D, 80.
    202—Mich.—39.

was struck in the eye by a piece of flying coal, resulting in an injury thereto, which later made it necessary to remove it. He filed his claim with the industrial accident board, and an award was made by the committee of arbitration, and afterwards approved and confirmed by the board.

From the stipulation of facts it appears:

(1) That defendant is a Wisconsin corporation, and filed its written acceptance of the Michigan compensation act on September 12, 1912.

(2) That defendant owns and operates the car ferries "Milwaukee" and "Grand Haven" between the ports of Milwaukee and Grand Haven, and is exclusively engaged in interstate commerce on the Great Lakes.

(3) That the accident occurred to plaintiff on the 8th day of January, 1917, while engaged in the course of his employment, just as the "Milwaukee" was leaving the port of Grand Haven, and at that time she was loaded with interstate freight.

The defendant takes the position that the award made by the industrial accident board is of no force because it had no jurisdiction in the premises for the reasons:

(1) That plaintiff was engaged in interstate commerce at the time he received his injury, and therefore his sole remedy is under the Federal employers' liability act.

(2) That the accident having occurred while plaintiff was employed on the Great Lakes, his remedy, if he has one, must be pursued in the admiralty court.

1. When this case was first presented to this court we were of the opinion that the first objection was well taken and that the industrial accident board was without jurisdiction because the stipulated facts brought the case within the Federal employers' liability act and in consequence was ruled by *Carey* v. *Railway Co.*, 200 Mich. 12. Upon further consideration we are per-

suaded that the agreed facts bring it within the exclusive jurisdiction of the admiralty court and is ruled by *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205.

This case holds, in effect, that under article 3, section 2, of the Federal Constitution, extending the judicial power of the United States to all cases of admiralty and maritime jurisdiction, and article 1, section 8, conferring on congress power to make all laws which may be necessary and proper for executing the powers vested in the general government or in any of its departments or officers, congress has paramount power to fix and determine the maritime law which shall prevail throughout the country. That congress, in the exercise of this power, has vested the district courts of the United States with exclusive jurisdiction of all civil causes of admiralty and maritime jurisdiction. Section 9, Judicature Act 1789 (1 U. S. Stat. 76, 77). Plaintiff's contract of service with defendant is clearly a maritime contract and, therefore, we conclude must be litigated in the district court under the holding of this case. A like conclusion was reached by the Wisconsin court in the case of *Neff* v. *Industrial Commission,* 166 Wis. 126 (164 N. W. 845).

2. Congress, in conferring jurisdiction on the district courts saved "to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it." Since the case of *Southern Pacific Co.* v. *Jensen* was decided congress has amended this saving clause, adding thereto the following: "and to claimants the rights and remedies under the workmen's compensation law of any State."

It is argued by counsel for plaintiff that this amendment saves the award made by the Michigan compensation board. Had this case been commenced after this amendment took effect we should be inclined to agree with him. There is nothing, however, in the law which indicates that it is intended to have a retro-

active effect. The case at bar was commenced and determined by the commission before the passage of this amendment. If we are to hold that the award may now be sustained we will be obliged to hold in effect that an award which had no validity when made, is given life by this amendment, subsequently passed. We think this is not permissible under the rules of construction. 36 Cyc. 1215; *Bedier* v. *Fuller,* 116 Mich. 126; *Hall* v. *Perry,* 72 Mich. 202; *Wheatland* v. *Levering,* 10 Gray (Mass.), 16.

The award must be set aside.

OSTRANDER, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.