BARRETT v. MACOMBER & NICKERSON CO.

(District Court, D. Rhode Island.    September 26, 1918.)

No. 1283.

ADMIRALTY ☞20—ACTION FOR INJURY TO SERVANT—LAW GOVERNING.

A state Workmen's Compensation Act, which in actions against an employer who has not accepted its terms provides a different measure of compensation from that of the maritime law, does not apply to a seaman injured while employed on a vessel on the navigable waters of the United States.

At Law.    Action by Maurice Barrett against the Macomber & Nickerson Company.    On demurrer to declaration.    Sustained.

Cooney & Cahill, of Providence, R. I., for plaintiff.
Frank Healy, of Providence, R. I., for defendant.

BROWN, District Judge.    The declaration states that the plaintiff was employed by the defendant, a corporation of Rhode Island, upon its fishing boat the Macomber, in Portsmouth Bay, a part of Narragansett Bay, and that other servants of the defendant were—

"engaged in handling or swinging aloft a certain hook attached to a net, which hook and net were of great weight, and through the negligent manner in which said net and hook were then and there being handled by the said servants or agents of the defendant corporation, the same fell with great violence upon and against the person of the plaintiff, as he was then and there in said boat engaged in pursuing such duties as were assigned to him."

It is alleged that the defendant corporation had wholly failed to accept the provisions of the Workmen's Compensation Act of the state of Rhode Island then in force; that is, chapter 831 of the Public Laws of Rhode Island, approved April 29, 1912, entitled:

"An act relative to payments to employees for personal injuries received in the course of their employment, and to the prevention of such injuries."

Section 7 of this act provides:

"The right to compensation for an injury, and the remedy therefor granted by this act, shall be in lieu of all rights and remedies as to such injury now existing, either at common law or otherwise; and such rights and remedies shall not accrue to employees entitled to compensation under this act while it is in effect."

The following provisions of section 1 apply to an employer who does not elect to accept the provisions of the act:

"It shall not be a defense:  (a) That the employee was negligent;  (b) that the injury was caused by the negligence of a fellow employee;  (c) that the employee has assumed the risk of the injury."

Upon behalf of the defendant it is contended that this act does not apply to a seaman engaged on board a vessel upon the navigable waters of the United States; that the state of Rhode Island is without power to make the remedy given in such act exclusive, or to abridge or enlarge the responsibilities or duties of the maritime law.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The plaintiff contends that by sections 24, par. 3, and 256, par. 3, of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1091, 1160 [Comp. St. 1916, §§ 991, 1233]), the clause "saving to suitors, in all cases, the right of a common-law remedy where the common law is competent to give it," entitles him to maintain a suit which shall be governed both in questions of right and of damages by the law of Rhode Island and by the statute of Rhode Island applicable to employers who have not elected to become subject to the provisions of the Workmen's Compensation Act (chapter 831).

The defendant relies principally upon Southern Pacific Co. v. Jensen, 244 U. S. 205, 37 Sup. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900. The plaintiff contends that that case is not controlling, and can be distinguished on the ground that the vessel in question in that case was engaged in interstate commerce, while the boat in this case was not, and that in the Jensen Case the New York state court had granted affirmative relief according to the New York Compensation Act (Consol. Laws, c. 67), whereas in this case the plaintiff does not rely upon any affirmative right created by statute, but upon its common-law right of action as modified by the state statute abolishing the defenses of contributory negligence, the negligence of a fellow employé, and the assumption of risk.

The opinion of the Supreme Court in Chelentis v. Luckenbach S. S. Co., Inc., 247 U. S. 372, 38 Sup. Ct. 501, 62 L. Ed. 1171, considers directly the effect of the clause "saving to suitors, in all cases the right of a common-law remedy where the common law is competent to give it," saying:

"Plainly, we think, under the saving clause, a right sanctioned by the maritime law may be enforced through any appropriate remedy recognized at common law; but we find nothing therein which reveals an intention to give the complaining party an election to determine whether the defendant's liability shall be measured by common-law standards rather than those of the maritime law. Under the circumstances here presented, without regard to the court where he might ask relief, petitioner's rights were those recognized by the law of the sea."

The opinion cites the rules laid down in The Osceola, 189 U. S. 158, 175, 23 Sup. Ct. 483, 47 L. Ed. 760, and applies the doctrine approved in Southern Pacific Co. v. Jensen:

"No state has power to abolish the well-recognized maritime rule concerning measure of recovery and substitute therefor the full indemnity rule of the common law."

It is apparent, therefore, that upon the facts alleged in the present declaration the extent of the obligation of the defendant was fixed by the maritime law, which controlled, not only any suit in the admiralty court, but any action in a common-law court; the right being the same in both courts. See Chelentis v. Luckenbach S. S. Co., 243 Fed. 536, 156 C. C. A. 234, affirmed by Supreme Court June 3, 1918, 247 U. S. 372, 38 Sup. Ct. 501, 62 L. Ed. 1171; The City of Alexandria (D. C.) 17 Fed. 390.

Upon an examination of the authorities cited it will appear that by the maritime law the ordinary negligence of the seaman or of oth-

ers of the ship's company, and the doctrine of the assumption of risk, do not debar him from the rights given by the maritime law to be cured at the ship's expense and to his wages.

Upon the question of the principle of liability there would seem to be little difference between rights afforded by the maritime law and those afforded by section 1 of the Workmen's Compensation Act of Rhode Island. In respect to the extent of recovery, however, the rules are substantially different, being limited by the maritime law to wages and to being cured at the ship's expense, using the term "cured," not in an absolute sense, but as the term is applied in the authorities cited in The City of Alexandria (D. C.) 17 Fed. 393 et seq. As the injuries were received and the action brought before the amendment of sections 24 and 256 of the Judicial Code, the effect of such amendments need not be considered on this demurrer.

In view of the reasoning of the court in Chelentis v. Luckenbach S. S. Co. and Southern Pacific Co. v. Jensen, it is not apparent that the distinction which plaintiff seeks to make between an "interstate vessel" and a fishing vessel is material. Though the declaration describes the vessel only as a "fishing boat" it was stated at the argument that she is a fishing steamer.

The plaintiff's employment was maritime, and the facts alleged show a case clearly within the admiralty jurisdiction.

In the dissenting opinion by Mr. Justice Pitney, in Southern Pacific Co. v. Jensen, 244 U. S. 252, 37 Sup. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900, it is pointed out that the decision of the majority cannot logically be confined to cases that arise in interstate or foreign commerce, and that in cases ex delicto the admiralty jurisdiction is dependent upon locality, and that if a cause of action arise upon navigable waters of the United States, even though it be upon a vessel engaged in commerce wholly intrastate, or upon one not engaged in commerce at all, the maritime courts have jurisdiction. There is a well-recognized rule concerning measure of recovery in such cases, and it seems to follow from the decisions that the state is without power to deprive either the seaman or the vessel owner of the respective rights under the maritime law.

I am of the opinion, therefore, that the Rhode Island statute is inapplicable to the facts alleged.

As the plaintiff's declaration seeks full indemnity under the law of the state of Rhode Island, and does not set forth merely a claim for any wages unpaid or for the expense of cure and maintenance for a reasonable time, according to the rule stated in The Osceola, 189 U. S. 158, 175, 23 Sup. Ct. 483, 47 L. Ed. 760, the demurrer must be sustained.

Demurrer sustained.