## VICTOR SODERSTROM v. CURRY & WHYTE, INCORPORATED.[1]

June 27, 1919.

No. 21,235.

**Workmen's Compensation Act — plaintiff not within the act.**

1. One employed by a shipper of pulpwood to load it on a vessel while moored on navigable waters at a dock in a port in this state, to be transported to a port in another state, is engaged in work of a maritime nature, and, if injured while so employed, does not come within the scope of the Workmen's Compensation Laws of this state.

**Master and servant — liability of master to dock laborer.**

2. One thus employed, if injured by reason of the actionable negligence of his employer, is not limited to the relief to which seamen are entitled under the rules of admiralty, but may recover the full damages to which he would be entitled at common law.

**Federal statute not retroactive.**

3. The amendment to the Federal Judicial Code of October 6, 1917, which extends the rights and remedies afforded by the Workmen's Compensation Laws of the several states to persons injured while employed in work of a maritime nature, will not be given a retroactive effect.

Action in the district court for St. Louis county to recover $21,430 for injuries received while in the employ of defendant in the hold of a steamboat. Defendant interposed a demurrer to the complaint on the grounds stated in the first paragraph of the opinion. From an order, Cant, J., overruling the demurrer to the complaint, defendant appealed. Affirmed.

*Washburn, Bailey & Mitchell,* for appellant.

*Andrew Nelson* and *John G. Cedergren,* for respondent.

1Reported in 173 N. W. 649.

LEES, C.

Appeal from an order overruling a demurrer to the complaint. The demurrer was based on two grounds: The first, that the court had no jurisdiction of the subject of the action; and the second, that the complaint failed to state a cause of action. The court certified that the questions presented were important and doubtful. A condensed statement of the facts alleged follows:

Defendant is a Minnesota corporation dealing in and shipping pulpwood. It owns a dock at Two Harbors in this state on the navigable waters of that port, from which pulpwood is loaded into the holds of vessels plying on the Great Lakes. On July 2, 1917, plaintiff was a common laborer employed by defendant to convey pulpwood from the dock and stow it in the hold of the steamer Orion, to be transported to another state. Fourteen men were engaged in this work, plaintiff's station being in the hold of the steamer. The pulpwood was carried in dump cars to spouts extending from the dock to hatches in the deck of the steamer and was dumped from the cars through the spouts into the hold. The men in the hold could not see the cars dumped, nor could the men dumping them see those working below, and there were no means of communication between them. It was the custom to dump the cars in regular order, beginning with the hatch nearest the bow and running back to the stern. The work was in charge of a foreman stationed on the deck. While plaintiff was working under one of the hatches, the contents of a car were dumped out of the customary order and he was caught under the pulpwood and seriously injured. In support of the demurrer, defendant contends: (1) That plaintiff's sole remedy is under the Minnesota Workmen's Compensation Act; (2) that, even though it should be held that he was employed under a maritime contract, the complaint fails to state a cause of action based on a maritime right; (3) that the amendment to the Federal Judicial Code of October 6, 1917, definitely relegates him to relief under the compensation act.

Consideration of the arguments upon which the case was submitted and examination of the authorities cited in the memorandum, which the learned trial court made part of the order overruling the demurrer, together with those cited in the briefs, have led us to the conclusion that

the questions were correctly decided in the court below. We will briefly indicate our views upon them.

1. Lindstrom v. Mutual Steamship Co. 132 Minn. 328, 156 N. W. 669, L.R.A. 1916D, 935, would be conclusive authority for defendant, but for the fact that a year after that case was decided the Supreme Court of the United States, in Southern Pacific Co. v. Jensen, 244 U. S. 205, 37 Sup. Ct. 524, 61 L. ed. 1086, L.R.A. 1918C, 451, Ann. Cas. 1917C, 900, held that a state's workmen's compensation law cannot be extended to work of a maritime nature, because Congress has paramount power to fix and determine the maritime law of the land, and injuries sustained by one engaged in maritime work are within the admiralty jurisdiction. Since then the states have uniformly held, so far as we are aware, that the compensation laws do not apply to workmen injured while engaged in maritime work. Doey v. Howland, 224 N. Y. 30, 120 N. E. 53; Duart v. Simmons, 231 Mass. 313, 121 N. E. 10; Georgia Casualty Co. v. American Milling Co. (Wis.) 172 N. W. 148; Veasey v. Peters, 142 La. 1012, 77 South. 948.

2. In The Osceola, 189 U. S. 158, 23 Sup. Ct. 483, 47 L. ed. 760, rules were formulated applicable to all maritime contracts of employment. One of them was thus stated:

"That the seaman is not allowed to recover an indemnity for the negligence of the master or any member of the crew, but is entitled to maintenance and cure, whether the injuries were received by negligence or accident."

Counsel have referred to this as the "limited liability" rule, and it is earnestly contended that this case falls within its scope and that plaintiff was limited in admiralty to a claim for maintenance and cure. If this is true, the complaint states no cause of action, because it is framed on an entirely different theory of legal liability. We are of the opinion that the contention cannot be sustained.

Plaintiff was not a seaman and was not in the service of a ship. Reed v. Canfield, 1 Sumner, 195, 11 Fed. Cas. No. 11,641; The John B. Lyon, 33 Fed. 184; The J. P. Schuh, 223 Fed. 455; The Chicago, 235 Fed. 538; The Buena Ventura, 243 Fed. 797. We are unable to see why the question is not disposed of contrary to defendant's contention in Atlantic Transport Co. v. Imbrovek, 234 U. S. 52, 34 Sup. Ct. 733, 58 L. ed.

1208, 51 L.R.A.(N.S.) 1157. In that case the man injured was a stevedore engaged in loading a ship, and sought to recover from the owner of the ship and from the stevedore company by whom he was employed. The libel was dismissed as to the ship owner and a recovery of general damages allowed against the employer. The right to such recovery was affirmed on appeal. If Imbrovek had been a seaman, or in the service of the ship, he could have recovered only under the limited liability rule stated in the Osceola case.

Chelentis v. Luckenbach S. S. Co. 247 U. S. 372, 38 Sup. Ct. 501, 62 L. ed. 1171, does not change the effect of the decision in the Imbrovek case, for the reason that the injury involved was sustained by a fireman on board a ship while at sea, and obviously the rule stated in the Osceola case was applicable.

The reasons for the limited liability rule are clearly set forth in the noted opinion of Judge Story in Harden v. Gordon, 2 Mason, 541, 11 Fed. Cas. 6047: Men employed on shipboard are peculiarly liable to sickness and accidents from exhausting labor, change of climate and exposure to perils. Public policy requires their preservation for the commercial service and maritime defense of the nation, and so the master of the ship must care for them while disabled through sickness or accident, and the cost thereof must be borne by the ship. None of these reasons apply to men living on shore and employed at ports where ships receive and discharge their cargoes or undergo repairs. Plaintiff was not in the service of the ship when injured, was not exposed to any of the hazards referred to by Judge Story, and should not be held to come within the special rule applicable to seamen. At first blush it seems far fetched to hold that plaintiff was working under a maritime contract of employment, but such is the clear result of the decisions in the Imbrovek and Jensen cases, for there, as here, the men injured were laborers employed solely to assist in loading or unloading a ship.

The further point is made that in admiralty full compensation for injuries caused by a failure to provide a workman on board ship with a safe place in which to work is never given unless the ship was unseaworthy or there was a failure to supply and keep in order the appliances appurtenant to it. We think this point is ruled against defendant by

Atlantic Transport Co. v. Imbrovek, supra, where, in affirming the decision of the lower court, it was said:

"The remaining question relates to the finding of negligence. * * * Both courts below, however, concurred in the finding that the petitioner omitted to use proper diligence to provide a safe place of work. * * * It is sufficient to say that we are satisfied from an examination of the record that the ruling was justified.".

To the same effect are Siebert v. Patapsco S. B. & S. Co. 253 Fed. 685; The Satilla (D. C.) 235 Fed. 58, 148 C. C. A. 552; The Themistocles, 235 Fed. 81, 148 C. C. A. 575.

3. Congress appears to have been dissatisfied with the effect of the decision in the Jensen case, for, a few months after it was decided, it amended the judicial code, which theretofore saved to suitors only the common law remedies which the common law is competent to give, by expressly providing that claimants should also have the rights and remedies which the Workmen's Compensation Laws of any state afford. This amendment furnishes the basis of defendant's third contention. The Jensen case was decided May 21, 1917. Plaintiff was injured July 2, 1917, and the amendment was passed October 6, 1917. It is contended that the amendment should be given a retroactive effect, and that plaintiff is, therefore, limited to recourse to the compensation law of this state. Veasey v. Peters, supra, sustains the contention. Apparently that case was decided on the theory that the amendment affected only the remedies which were available to plaintiff, who was injured prior to its passage. The holding could not be justified on any other ground. Either this view of the effect of the amendment was not presented for consideration in the cases decided by the courts of last resort of other states, or, if presented, it has not met with favor, for in none of them, so far as we have discovered, has it been even mentioned.

There is great difficulty in assenting to the view that only remedial rights are affected by the amendment. In our judgment it goes farther and affects the substantive rights of the parties to whom it applies. Under the law, as it stood on July 2, 1917, plaintiff had a cause of action at common law upon the facts stated in its complaint. He might recover full compensation for impaired earning capacity, loss of wages, pain suffered and the expense of medical treatment. Under the com-

pensation law, his right of recovery was much more restricted. The former right of recovery could not be taken away from him by legislation enacted after he was injured. The compensation law is not an amendment of the common law. It established new obligations between employers and employees and went far beyond mere changes in the remedies thereofore open to workmen injured by reason of negligence for which their employers were legally liable. Duart v. Simmons, supra.

It was held by the Circuit Court of Appeals for the Ninth circuit, that the Arizona Compensation Act had no application to the case of a workman injured prior to its enactment. Arizona & N. M. Ry. Co. v. Clark, 207 Fed. 817, 125 C. C. A. 305, and the decision was affirmed in 235 U. S. 669, 35 Sup. Ct. 210, 59 L. ed. 415, L.R.A. 1915C, 834, though on other grounds.

This court has held that the right to compensation is governed by the law in force at the date of the death of a workman and not by a subsequent amendment thereto. State v. District Court of Ramsey County, 132 Minn. 249, 156 N. W. 120, and, inferentially, that substantive rights arise under the act and become fixed as of the date of the injury or death. State v. General Acc. F. & L. Assur. Corp. 134 Minn. 21, 158 N. W. 715, Ann. Cas. 1918B, 615.

"The distinction between rights and remedies is fundamental. A right is a well founded or acknowledged claim; a remedy is the means employed to enforce a right or redress an injury." Chelentis v. Luckenbach S. S. Co. supra.

The learned trial court was right in overruling the demurrer and the order appealed from is affirmed.