CHARLES DORMAN'S (dependent's) CASE.

Suffolk. October 20, 1920. — January 4, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Jurisdiction. Admiralty. Workmen's Compensation Act.*

The provisions of the workmen's compensation act are not operative in favor of a dependent of an employee of a subscriber under the act who lost his life from causes arising out of and in the course of his employment as mate upon a steam lighter used by the employer in coastwise traffic for the transportation of sand and gravel between Scituate and Boston and while the vessel was within three miles of shore.

CERTIFICATION, filed in the Superior Court on February 3, 1920, under the provisions of the workmen's compensation act, of a decision of the Industrial Accident Board awarding compensation to Sarah M. Dorman, widow of Charles Dorman, who was found to have died by reason of an injury arising out of and in the course of his employment by the Boston Sand and Gravel Company.

The decision of the Industrial Accident Board contained the statement: "No question was raised as to the constitutionality of the amendment of 1917 [40 U. S. Sts. at Large, c. 97, § 2]. This question has been argued and decision is now pending before the Supreme Court of the United States in the case of *Knickerbocker Ice Company* v. *Lillian E. Stewart,* . . . in error to the Supreme Court of the State of New York."

In the Superior Court, by order of *Fox,* J., a decree was entered in accordance with the decision of the Industrial Accident Board. The insurer appealed.

*J. F. Scannell,* for the insurer, submitted a brief.

*G. E. Kemp,* for the claimant.

RUGG, C. J. Charles Dorman was employed as mate upon a vessel described as a steam lighter named the "Herbert," used by its owner in coastwise traffic for the transportation of sand and gravel between Scituate and Boston. At the time in question the "Herbert" was on a voyage over tidewater between these two places, and was in or just outside of Boston Harbor and within

three miles of shore. Dorman was employed by the Boston Sand and Gravel Company, which was insured under the workmen's compensation act, and which owned the vessel.

It is assumed in favor of the dependent for the purposes of this decision that Dorman lost his life from causes arising out of and in the course of his employment. These causes manifestly were operative under such circumstances as to bring any legal liability arising therefrom within admiralty cognizance. The locality of the incident is decisive upon that point. "Every species of tort, however occurring, and whether on board a vessel or not, if upon the high seas or navigable waters, is of admiralty cognizance." *The Plymouth*, 3 Wall. 20, 36. *Proctor* v. *Dillon*, 235 Mass. 538, 541.

The circumstance that the "Herbert" was engaged exclusively in commerce within the territorial limits of this Commonwealth and did not go outside the three mile limit does not divest the occurrence of its admiralty character, which depends wholly upon the question whether it is upon navigable waters. *The Robert W. Parsons*, 191 U. S. 17. See *North Pacific Steamship Co.* v. *Hall Brothers Marine Railway & Shipbuilding Co.* 249 U. S. 119; *Atlantic Transport Co.* v. *Imbrovek*, 234 U. S. 52.

The workmen's compensation act is broad enough in its terms to include cases like the one at bar. But it is plain from the facts here disclosed that that act (apart from a federal statute to be mentioned in a moment) could not be operative in favor of the dependent under the Constitution of the United States. That was settled beyond question by *Southern Pacific Co.* v. *Jensen*, 244 U. S. 205, decided in May, 1917. We were constrained to follow that decision in *Duart* v. *Simmons*, 231 Mass. 313; *S. C.* 236 Mass. 225, and in *Sterling's Case*, 233 Mass. 485. After the decision in the Jensen case Congress attempted to confer jurisdiction upon the several States to deal with cases like the present by workmen's compensation laws by the enactment of 40 U. S. Sts. at Large, 395, § 2, approved October 6, 1917. Seemingly the exclusive nature of federal jurisdiction under admiralty law was released to the States by that act taken at its face value. *Duart* v. *Simmons*, 231 Mass. 313, 320. The constitutionality of that act was assailed, however, and by the decision in *Knickerbocker Ice Co.* v. *Stewart*, 253 U. S. 149, rendered since this case was heard and decided by

the Industrial Accident Board, it was held to be invalid because beyond the powers of Congress under the Constitution. We are bound by that decision. It is decisive against the right of the dependent to compensation in the case at bar. See also *Sudden & Christenson* v. *Industrial Accident Commission,* 182 Cal.

There are no circumstances disclosed on this record which estop the insurer from availing itself of this point, or which show a waiver of its right to this defence. That is settled by *Sterling's Case, supra.* The point goes to the jurisdiction of the court, which cannot be established by considerations arising from conduct of parties. The case is quite distinguishable from cases like *Pitkin* v. *Springfield,* 112 Mass. 509, and *Hellen* v. *Medford,* 188 Mass. 42. By force of the controlling authority of *Knickerbocker Ice Co.* v. *Stewart,* 253 U. S. 149, the entry must be

*Decree reversed.*

*Decree to be entered in favor of the insurer.*