ANNIE M. HOADLEY *vs.* ANNIE M. WHEELWRIGHT ET AL.

Oxford.        Opinion October 28, 1931.

*Frank A. Morey*, for petitioner.
*Cyrus N. Blanchard*,
*Frank W. Butler*, for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-TON, THAXTER, JJ.

DUNN, J.    This case was reported, the parties assenting, by the Justice presiding at a session of the Superior Court in Franklin County, for determination by the Law Court on an agreed statement of facts.

The only question which the report states is whether a petition for the physical division of certain real estate by writ of partition at common law (R. S., Chap. 102) complies with a decree of a single Justice of the Supreme Judicial Court, on the equity side, that the plaintiff bring a proper action to enforce her claim to any interest in the property.

What is inescapable, however, is that the decretal order, not being within the jurisdiction of the tribunal entering it, is null and void, and of no effect whatever. *Lovejoy* v. *Albee*, 33 Me., 414.

The statutory provision (R. S., Chap. 118, Sec. 48, et seq.), and the conditions precedent to its exercise, authorizing the quieting of the actual exclusive retention of realty by an imperative rule that another claimant to the same land bring his action to try his title thereto, creates a remedy, not in equity, nor superseding the jurisdiction of courts of equity to remove clouds from titles, but at law.

This remedy was never enforceable by bill in equity in the Supreme Judicial Court, the procedure adopted in the original suit of the now defendants.

True, want of jurisdiction is not interposed, but jurisdiction of the court cannot be established by considerations arising. from the conduct of the parties. *Charles Dorman's Case*, 236 Mass., 583.

The petition for partition, it is plain, is not a compliance with the decree of the equity court; adversitively, that decree, as has been noticed before, was unauthorized.

Dismissal of the petition for want of compliance with the decree, although it would be in literal accordance with a stipulation embodied in the report of the case, might prevent the ultimate working out of justice.

It seems consistent to discharge the report.

. The mandate will be,

*Report discharged.*