# M. LIPMANOWICH AND OTHERS v. CROOKSTON LUMBER COMPANY.[1]

July 30, 1926.

No. 25,451.

**Right under compensation act extinguished by failure to enforce it within time limit.**

1. The Workmen's Compensation Act created a new right and attached thereto a time limit within which the right might be enforced. The failure to take steps to enforce it within the allotted time extinguishes the right.

**Right lost by failure of dependents of deceased alien to begin proceedings within one year.**

2. Under the provisions of L. 1915, c. 209, the right to compensation was lost by the failure of the dependents of a deceased alien workman, or the consular representative of the country of which they were nationals, to institute proceedings to recover compensation within one year after the giving of the notice by the workman's employer provided for by § 8 of the act. For reasons stated in the opinion, such failure was not excused because, at the time of his death, the workman was a citizen of Austria-Hungary and the United States was at war with that country when the notice referred to was given.

**By seizure of claim alien property custodian became common law trustee.**

3. The effect of the seizure by the alien property custodian of the dependents' claim against the employer was to substitute him for the dependents. By the terms of the Trading with the Enemy Act, he acquired the rights of a common law trustee, with authority to do any act with respect of the claim which he might have done had he been the owner thereof. He cannot avail himself of the benefit of the rule that a state statute of limitations does not run against the United States unless consent is given by an act of Congress. The seizure of the claim did not make it the property of the United States.

**Effect of notice given under act of 1915.**

4. The Compensation Act of 1915 does not limit the effect of the giving of the notice provided for by § 8 of the act to cases where a foreign country has an official representative in the United States.

[1]Reported in 210 N. W. 47.

War, 40 Cyc. p. 323 n. 98.
Workmen's Compensation Acts, C. J. p. 104 n. 23 New.

See L. R. A. 1917D, 138; L. R. A. 1918E, 559; 28 R. C. L. p. 825;
4 R. C. L. Supp. p. 1869; 5 R. C. L. Supp. p. 1579.
See 17 R. C. L. pp. 879-881; 3 R. C. L. Supp. p. 744; 5 R. C. L. Supp.
p. 960.

Plaintiffs appealed from a judgment of the district court for Hennepin county, Bardwell, J., dismissing upon the merits a proceeding under the Workmen's Compensation Act. Affirmed.

*Thompson, Hessian & Fletcher*, for appellants.

*R. J. Powell*, for respondent.

LEES, C.

In the course of his employment, Joseph Medas was accidentally killed in Beltrami county on February 1, 1916. He and his employer were subject to the Workmen's Compensation Act in force at that time, L. 1923, p. 675, c. 467, as amended by L. 1915, p. 285, c. 209. Section 20A of the amendment provides that the period within which dependents may bring an action to recover compensation shall be limited to "one year after the date of notice in writing given by the employer to the Department of Labor of the state, stating his willingness to pay compensation when it is shown that the death is one for which compensation is payable." The employer gave this notice on October 2, 1919. Medas was not a citizen of the United States. He was a native of the parish of Jordanow, formerly part of the Austro-Hungarian Empire and now a part of the Republic of Poland. When the notice was given the United States and Austria-Hungary were technically at war. Prior to the giving of the notice, the alien property custodian made a demand on the employer for the payment of the sum which Medas' dependents were entitled to receive under the compensation act. The United States recognized Poland as an independent state on June 21, 1919. On or about March 24, 1920, the Polish Republic appointed a consul general, whose territorial jurisdiction included the state of Minnesota.

The amended act provides that if a deceased employe, for whose death compensation is payable, leaves a nonresident alien dependent, payment of compensation shall be made through the consul of the country of which the dependent is a citizen. See L. 1915, p. 295, c. 209, § 23. By another provision, the department of labor is directed to notify the consul of the death of the employe on receipt of the employer's notice. See L. 1915, p. 294 c. 209, § 8.

The Polish consul made prompt inquiry concerning Medas' death and the claim of his dependents to compensation, and became informed as to the status of the claim, but did not commence this action until November, 1922. Pursuant to the stipulation of the parties, the alien property custodian was joined as a plaintiff. The employer answered, alleging that the action was barred by the terms of the compensation act. The trial court denied relief. Judgment of dismissal on the merits was entered and plaintiffs appealed.

The compensation act created a right which did not exist at common law. It fixed the time within which the right might be enforced and the time limited attached to the right and controls the enforcement thereof. Soderstrom v. Curry & Whyte, 143 Minn. 154, 173 N. W. 649. In Kannellos v. G. N. Ry. Co. 151 Minn. 157, 186 N. W. 389, the rule is thus stated:

"The rule followed and applied by the courts generally, is   *   *   * to the effect that where a statute gives a new right of action, not existing at common law, and prescribes the time within which it may be enforced, the time so prescribed is a condition to its enforcement, an element in the right itself, and the right falls with the failure to apply for relief within the alloted time. The rule as stated is one of general application, and is distinguished from the rule applied to statutes limiting the remedy and not the right."

It is well-settled that a person of enemy nationality, residing in his own country, cannot institute an action in the courts of a country with which his own is at war during the continuance of the war. For this reason it is held that the operation of the statute of limitations is suspended between citizens of the countries at war as long as war continues, and not until peace is restored does the

statute begin to run again. Kolundjija v. Hanna Ore Min. Co. 155 Minn. 176, 193 N. W. 163. See also Meares, Trading with the Enemy Act, p. 56; 17 R. C. L. 879, 880.

If Medas' dependents had continued to be citizens of Austria-Hungary and residents therein, their case would stand on an entirely different footing, but as early as June, 1919, they became nationals of Poland, a newly-created state which was never at war with the United States. Their status was changed. They were no longer alien enemies, and it would seem that from that time the doors of the courts of this state were open to them and to the Polish consul general, as their representative, unless their right of action had passed to the alien property custodian. We think the time within which an action to recover compensation might be commenced by the dependents or the consul began to run on October 2, 1919, and expired on October 2, 1920.

The legal effect of the demand made by the alien property custodian on August 12, 1918, was to give him possession of the claim Medas' dependents had against his employer. Meares, Trading with the Enemy Act, pp. 122, 135, 136. It substituted the custodian for the dependents. Miller v. Rouse (D. C.) 276 F. 715. He had all the powers of a common law trustee and authority to do any act in respect of the claim as though he were the absolute owner thereof. See section 12 of the Trading with the Enemy Act, 40 St. L. p. 411, c. 106; Cent. Union Trust Co. v. Garvan, 254 U. S. 554, 41 Sup. Ct. 214, 65 L. ed. 403. He took no steps to enforce the claim until after October 2, 1920.

It is argued that his right of action is not barred because of the rule that statutes of limitation do not run against the United States unless consent is given through an act of Congress, and that he is the representative of the Federal government. We think the rule is not applicable here. By the seizure thereof, the United States did not become the owner of the claim, either in its sovereign capacity or otherwise. Possession was taken through the agency of the custodian, but the right to retain possession was renounced when Congress enacted the amendment to the Trading with the

Enemy Act of June 5, 1920, 41 St. L. p. 977, c. 241. The effect of the amendment was to give Medas' dependents the right to apply to the custodian for the surrender of his control over their property. The claim belonged to them and not to the United States. If it is still under the control of the alien property custodian, he holds it as the trustee of the dependents.

It is argued that the notice of October 2, 1919, was of no effect because at that time Poland was not represented by a consul to whom the notice for which L. 1915, p. 294, c. 209, § 8, provides, could be given by the department of labor. The answer is that the act does not restrict the employer's right to give the notice or the effect thereof to cases where the foreign country of which the deceased was a native has a representative here.

We are of the opinion that the case was correctly disposed of and the judgment of the lower court is affirmed.