SOUTHERN RAILWAY COMPANY *v.* DAISY L. GRIGSBY.*

(*Nashville.*   December Term, 1926.)

Opinion filed March 28, 1927.

1. **WORKMEN'S COMPENSATION ACT.** Limitation of action. **Death.**   Construction of sections 24 and 31, chapter 123, Acts of 1919.

The provision for the limitation of the action is one for the sole benefit of the employer, and he may waive it by failing to file the notice required by the statute.   The provision simply extends to the employer an opportunity to avail himself of the limitation of the petitioner's action by giving notice to the Bureau of Workshop and Factory Inspection, of the accident, and expressing his willingness to pay compensation when it is shown that the injury is one for which compensation is payable.   (Post, p. 290.)

Citing: Acts 1919, ch. 123, sub-sec. 24-31; s. s. 2, 3 and 4 of sec. 31.

2. **SAME.** Same. Same. Same.

Construed with its context, sub-section 2 of section 31, was intended as an exception to the general limitation of actions expressed in section 24, which can only be done in case of death of the employee, must be instituted within one year after the date on which a notice is given by the employer.   The filing of the notice is the contingency or event from which limitation is to be computed.   (Post, p. 291.)

Citing: Lipmanowich v. Lumber Co. (1926), 210 N. W., 47.

---

*As to time within which notice of injury and claim for compensation must be given under Workmen's Compensation Act, see annotation in L. R. A., 1917D, 135; L. R. A., 1918E, 556.

On applicability of statutes of limitation to actions or proceedings under Workmen's Compensation Acts, see annotation in 16 A. L. R., 462; 40 A. L. R., 495; 28 R. C. L., 825; 4 R. C. L., Supp., 1869; 5 R. C. L. Supp., 1579; 6 R. C. L. Supp., 1764.

3. **SAME. Bureau of workshop and factory inspection. Death of employee. Dependents.**

An implied duty exists that the Bureau make some investigation, to locate dependents of deceased employee, and notify them of their rights. (Post, p. 292.)

4. **STATUTES. Construction. Legislative purpose obscure. Conflicting provisions.**

In the construction of a statute, and acts amendatory thereof, where the legislative purpose is not clear or obscure, the last and more detailed provisions may control and limit the general and broad provisions relating to the subject matter, contained in a prior enactment. (Post, p. 293-4.)

Citing: Board of Park Commissioners v. Nashville, 134 Tenn., 612, 630; Payne v. Arrington, 108 Tenn., 494, 499.

5. **PLEADING AND PRACTICE. Election of remedy. Estoppel.**

Instances may frequently arise in which it is quite difficult to tell whether a particular case falls under the provision of a State or federal enactment until the facts are developed, the court will be slow to require a binding election at the outset in a border line case. (Post, p. 294.)

Citing: Corbett v. Boston & Maine R. Co., 219 Mass., 351, 12 A. L. R., 683.

---

*Headnotes 1. Statutes, 36 Cyc., p. 1130; 2. Statutes, 36 Cyc., p. 1130; 3. Workmen's Compensation Acts, C. J., section 103; 4. Workmen's Compensation Acts, C. J., section 153 (Anno); 5. Workmen's Compensation Acts, C. J., section 153 (Anno).

---

FROM UNION.

---

Appeal from the Circuit Court of Union County.— HON. JAMES L. DRINNON, Judge.

MONTGOMERY, DONALDSON & MONTGOMERY, for Southern Ry. Co.

KENNERLY & KEY and E. D. MONROE, for Daisy L. Grigsby.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This is a suit under the Workmen's Compensation Statute, Chapter 123 of the Acts of 1919, by the widow of Robert L. Grigsby, killed in the service of the Southern Railway, to recover the statutory allowance for the benefit of herself and minor children. There was a judgment in her favor below and the employer has appealed in error.

Grigsby was a brakeman and was killed in an accident out on one of the lines of the employer in the operation of a train. He met his death November 15, 1921. An administrator was appointed for his estate and suit was brought in the district court of the United States to recover, under the Federal Employers' Liability Act, damages for Grigsby's death. The district court found and held that the deceased was not engaged in interstate commerce at the time of his death and not, therefore, entitled to recover under said act. The case went to the circuit court of Appeals and finally to the Supreme Court of the United States, in both of which courts the conclusion of the district court was approved.

This litigation in the Federal Courts involved considerable delay and the petition herein was not filed until August 7, 1925, nearly four years after the accident. The employer pleaded, among other things, section 24 of chapter 123 of the Acts of 1919, as follows:

"Be it further enacted, That the right to compensation under this Act shall be forever barred unless within one year after the accident resulting in injury or death oc-

curred the notice required by section 23 is given the employer and a claim for compensation under the provisions of this Act is filed with the tribunal having jurisdiction to hear and determine the matter.''

The trial judge held this plea insufficient by reason of the provisions of Section 31 of the Compensation Statute, as follows:

''Be it further enacted, That the time within which the following acts shall be performed under this Act shall be limited to the following periods respectively:

''(1)   Actions or proceedings by an injured employee to determine or recover compensation, one (1) year after the occurrence of the injury.

''(2)   Actions or proceedings by dependents to determine or recover compensation, one year after the date of notice in writing given by the employer to the Bureau of Workshop and Factory Inspection of the State, stating his willingness to pay compensation when it is shown that the death is one for which compensation is payable. In case the deceased was a native of a foreign country and leaves no known dependent or dependents within the United States, it shall be the duty of the Bureau of Workshop and Factory Inspection to give written notice forthwith of said death to the consul or other representative of said foreign country residing within the State.''

Sub-section 3 of Section 31 provides that when an employer is in default for as much as thirty days in the payment of compensation due under any settlement or determination, proceedings to obtain judgment shall be commenced within one year after such default.

Sub-section 4 of Section 31 is as follows:

''In case of physical or mental incapacity, other than minority, of the injured person or his dependents to per-

form or cause to be performed any act required within the time in this section specified, the period of limitation in any such case shall be extended for one year from the date when such incapacity ceases."

Section 24 of the statute contains a general limitation, and purports to limit all actions brought to recover compensation to the period of one year following the date of the injury.

In the first Sub-section of Section 31 this general limitation is repeated, in so far as it concerns actions brought by the injured employee himself. Sub-section 4 of Section 31 is clearly and indisputably intended as an exception to the general limitation expressed in Section 24, and in Sub-section 1 of Section 31, in favor of both the injured person himself and his dependents, in cases of physical or mental incapacity, other than minority. Also, Sub-section 3 of Section 31 is in the nature of an exception to the general limitation, applicable in cases in which compensation is once agreed upon by the parties, or determined in a proper action, and default is subsequently made by the employer in the payment.

Construed with its context, we think Sub-section 2 of section 31 was also intended as an exception to the general limitation or actions expressed in Section 24.

The language of Sub-section 2 is that actions or proceedings instituted by dependent, which can only be done in case of the death of the employee, must be instituted within one year after the date on which a notice in writing is given by the employer to the Bureau of Workshop & Factory Inspection of the State, which notice shall state the willingness of the employer to pay compensation when it is shown that the death is one for which compensation is payable.

No provision of the compensation statute, or any other statute, requires the employer, in cases of industrial accidents to an employee, to file with the Bureau of Workshop & Factory Inspection a notice expressing the employer's willingness to pay compensation if compensation is due. It is manifest, therefore, that the notice referred to in the section under consideration is a special notice required only in connection with the limitation of actions; and if this be true, it is not material that the work in which the deceased employee was engaged at the time of his death may not have been under the supervision or control of the Bureau of Workshop & Factory Inspection.

The provision of the statute is that the action to recover or determine compensation must be brought by a dependent within one year after the date of the filing of the designated notice. The filing of the notice is the contingency or event from which limitation is to be computed. If the event does not occur, the limitation period does not begin, since there is no date from which it can be computed.

Under this construction of the language of Sub-section 2 of Section 31, it is obvious that the designated notice is not *required* to be filed at all. The provision for the limitation of the action is one for the sole benefit of the employer, and he may waive it by failing to file the notice. The provision simply extends to the employer an opportunity to avail himself of the limitation of the petitioner's action by giving notice to the Bureau of the accident resulting in the death of his employee, and expressing his willingness to pay compensation when it is shown that the death is one for which compensation is payable.

Ordinarily a statute of limitation provides that the limitation period shall begin to run when the action accrues, but this is not always true, as illustrated by the fourth Sub-section of Section 31.  There it must be conceded that an action for compensation, payable to one physically or mentally incapacitated, may be instituted during the continuance of the disability, in a suit brought by next friend or guardian, but the expiration of the limitation period is postponed until one year after the disability is removed.  We see no reason why the running of a statute of limitations may not be made to depend upon the doing of some act by the person claiming the benefit of the limitation, notwithstanding the doing of such act is not essential to the accrual to the right of action.

We do not find this or any similar provision in any of the compensation statutes of the states, save that of Minnesota.  The introductory language of section 31 of our statute, together with the language of Sub-section 1, and substantially the language of Sub-section 2, were added to the Minnesota statute by an amendatory Act of 1915.

The language of Sub-section 2 was considered and applied by the Supreme Court of Minnesota in *Lipmanowich* v. *Lumber Co.* (1926), 210 N. W., 47, and it was held that the limitation of one year began to run only after the designated notice was given to the Department of Labor & Industries, notwithstanding the cause of action had accrued several years prior thereto.

It is no objection to the enforcement of the statutory provision that the intention of the legislature in so providing may be obscure.  It is apparent, however, that some duty is enjoined upon the Bureau of Workshop & Factory Inspection, or its successor, the Division of

Workmen's Compensation under the Department of Labor, upon the filing of such a notice. If the deceased employee was a native of a foreign country and leaves no known dependent or dependents within the United States, the Bureau is required to give written notice of the death to the consul, or other representative of such foreign country, residing within the State. The statute does not expressly require that the notice state the residence of the deceased employee, or the fact that he was a citizen of a foreign country, hence it may be implied that the Bureau is expected to make some investigation to locate the dependents of the deceased employee and notify them of their rights. If this be true, the reason is obvious for the provision that the statute of limitations shall not begin to run until the notice is filed. The Bureau is charged with general supervisory duties in connection with the operation of the compensation law. Notice of an election by an employee not to operate under the law must be filed with the Bureau, and copies of all settlements and releases are required to be filed with the Bureau within ten days after their execution. In the General Appropriation Act of 1921 provision was made for the "salary of three clerks to take care of the work of the Workmen's Compensation Division," and in the Administration Re-organization Act of 1923, which made the Bureau of Workshop & Factory Inspection a division of the Department of Labor, there was created "The Division of Workmen's Compensation, the head of which shall be the Superintendent of Workmen's Compensation."

While the statute does not expressly direct the Bureau to receive and file the notice referred to in Sub-section 2 of Section 31, we do not think the Bureau, or its officers

could refuse to accept such a notice when so tendered, since the statute plainly authorizes the filing of the notice by the employer.

There is no inconsistency between Sub-section 2 of Section 31, as herein construed, and Sub-section 1 of the same section. However, it is pointed out that there is an inconsistency or repugnancy between Sub-section 2 of Section 31 and Section 24 of the statute, which provides that the right to compensation shall be forever barred unless the notice required by Section 23 is given to the employer, and a claim for compensation under the provisions of the act is filed with the proper tribunal "within one year after the accident resulting in injury or death."

The same inconsistency or repugnancy exists between the provisions of Section 24 and the provisions of Sub-section 4 of Section 31; yet it would hardly be contended that, in view of the latter provisions of the act, the right to compensation of either an injured employee, or his surviving dependents, would be barred within one year from the date of the injury, if the condition of physical or mental incapacity existed within the meaning of said provision.

In Section 24 a general period of limitation was expressed, apparently applicable to all actions for compensation. In Section 31 the legislature divided the actions authorized to be brought under the statute into separate classes, making different provisions for the different classes. In the first Sub-section it dealt only with actions brought by injured employees. In the second Sub-section it dealt with actions brought by dependents of deceased employees; and in the fourth Sub-section it dealt with actions accruing to both injured employees and dependents of deceased employees, who may be incapacitated by physical or mental infirmity.

In the latter section the legislature made a more detailed and specific treatment of the subject of limitation of actions, and under the well-settled rules of construction these last and more detailed provisions must control and limit the general and broad provisions of Section 24. *Board of Park Commissioners* v. *Nashville,* 134 Tenn., 612, 630.; *Hayes* v. *Arrington,* 108 Tenn., 494, 499.

If the conflict between the provisions of Section 24 and Section 31 can be said to be irreconcilable, because the several Sub-sections of Section 31 cover the entire scope of section 24, and, therefore, cannot be said merely to introduce exceptions to the broad provisions of section 24, then the provisions of Section 31 will control and be enforced, notwithstanding the contrary provisions of Section 24, under the rule that ''when there is an irreconcilable conflict between two sections of a statute, the one last occurring will control.'' *Board of Park Commissioners* v. *Nashville,* 134 Tenn., 612, 631, and cases there cited.

We hold, therefore, that unless the employer files with the Division of Workmen's Compensation, under the Department of Labor, the notice designated and described in Sub-section 2 of Section 31 of the Workmen's Compensation Statute, no limitation of time is provided for the institution of proceedings by dependents of a deceased employee to determine or recover compensation, and that such action or proceedings may be instituted by such dependents at any time within one year from the date such notice is filed.

A further contention is made by the railway company, that the suit in the federal court for compensation under the Federal Employers' Liability Act was an abandonment of any claim for compensation under the State Compensation Act, and that the petitioner was estopped to thereafter assert her claim under the State statute.

Instances may frequently arise in which it is quite difficult to tell whether a particular case falls under a State Compensation Act or the Federal Employers Liability Act. In such circumstances, it may be possible to proceed under both statutes until the facts are developed. *Corbett* v. *Boston & Maine R. Co.,* 219 Mass., 351, 12 A. L. R., 683. Our statute would hardly be construed to require a binding election at the outset in one of these border line cases.

Judgment affirmed.