JOHN OMAN, JR., *v.* LILLIAN DELIUS.

(*Nashville,* December Term, 1930.)

Opinion filed February 21, 1931.

STOKES & STOKES, for plaintiff in error.

HUME & ARMISTEAD, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

Lillian Delius, as the widow of Joe Delius, was awarded compensation for herself and dependent children, on account of the accidental death of her husband, an employe of the plaintiff in error, John Oman, Jr.

The appeal in error presents the employer's contention and defense that the action for compensation was barred because not brought within the time required by provisions of the compensation act. Acts 1919, chapter 123.

Joe Delius was killed July 4, 1927. The widow, advised that the accident did not arise out of nor within the scope

of her husband's employment, brought suit against the employer for damages under the common law. Declaration in that action was filed September 23, 1927, and on May 8, 1928, within one year from the date of the accident, the defendant filed his special plea, averring that the accident was within the application of the compensation law. This contention of the employer was eventually sustained by judgment of the Court of Appeals, dismissing the suit. The Court of Appeals, reviewing the evidence, held that no recovery could be awarded in that action because (1) the death of Delius was caused by the negligence of a fellow servant, and (2) the accident was one within the application of the workmen's compensation law. *Oman* v. *Delius,* 10 Tennessee Appeals, 467. *Certiorari* was denied by the Supreme Court on March 1, 1930. The present suit was begun by petition filed in the Circuit Court of Davidson County on March 6, 1930.

On July 7, 1927, the employer, plaintiff in error, mailed to the Department of Labor, Workmen's Compensation Division, of the State, a "first report" of the accident, on a form provided by the Department of Labor. On August 5, 1927, the employer's insurer, United States Fidelity and Guaranty Company, filed with the Department of Labor a written notice, referring to "John Oman, Jr.,—Joe Delius," and stating:

"This letter is written to give notice that we are willing to pay compensation in above case when same is proved to be a compensable case.

"Under Section 31, (1) it is shown that we are to give this notice and wish to be in the clear and are filing this notice."

Plaintiff in error therefore relies upon the limitation of the statute, Acts 1919, chapter 123, section 31, subsec-

tion 2, as construed in *Southern Ry. Co.* v. *Grigsby,* 155 Tenn., 285; and contends that the suit is barred because not commenced within one year from the date of said notice.

It is contended for the defendant in error that this section of the statute is unconstitutional and void, because it. provides for the computation of the period of limitation, within which the suit may be brought, from the date of an event uncertain in its nature and dependent upon the will of the debtor for its occurrence. For this position defendant in error cites *Fogg* v. *Union Bank,* 60 Tenn. (1 .Baxter), 435.

There is an obvious difference between the question here raised and the point ruled in *Fogg* v. *Union Bank.* Here the statute fixes the arbitrary and unchanging limit of one year from the date of the specified notice, as the period within which suit may be brought. The statute in *Fogg* v. *Union Bank* fixed no period of limitation, but provided that the debtor's trustee might fix any period, not less than two years, from the date of notice, within which suits might be brought. This failure to fix the period of limitation was the vice held fatal to the statute. The court said: "The Act  .  .  .  merely fixes a starting point, without restriction or limitation for the future." The two statutes are not the same, and the present act successfully meets the criticism of the case cited.

In *Southern Ry. Co.* v. *Grigsby, supra,* we said: "Construed with its context, we think subsection 2 of section 31 was also intended as an exception to the general limitation of actions expressed in section 24." 155 Tenn., 289.

If this exception were declared void, the general limitation of section 24 of the Compensation Act would neces-

sarily apply, and the defendant in error could avail nothing by such a decision. Her case would thereby be made subject to an even shorter limitation; one year from the date of the accident, instead of one year from the date of the subsequent notice.

The Compensation Act, section 2, subsection (a) defines the term "employer," used in the act, as including "his insurer, unless otherwise herein provided." Notice by the employer's insurer, otherwise sufficient, will therefore satisfy the requirements of section 31, subsection 2.

The notice was signed "C. T. Dent, Adjuster," and was written on a printed letterhead bearing the inscription: "United States Fidelity and Guaranty Company— Claim Department—C. T. Dent, Adjuster." It therefore appears on the face of the notice that it was filed by Dent as the agent of the insurer, and as the act of the insurer.

Reference in the notice to subsection 1 of section 31, instead of subsection 2, is an obvious clerical error which could not reasonably be held to destroy the efficacy of the notice, since no such notice could be applicable to subsection 1. And in view of the admitted fact that the employer, John Oman, Jr., had previously filed a report of the accident with the Department, the reference to the case of "John Oman, Jr.,—Joe Delius" was a clear designation of the case in which the notice was filed. The statute does not require that the notice refer to the dependents of the deceased workman by name, who may often be unknown to the employer.

We hold therefore that the requisite notice was given, under section 31, subsection 2, of the Compensation Act, on August 6, 1927, and that the present action for compensation, not having been brought within one year thereafter, was barred, unless the pendency of the action for

damages operated to suspend the limitation of said section 31, subsection 2.

It is conceded by learned counsel for defendant in error that the pendency of the former action will not save the present suit from the limitation of the statute, under section 4446 of Shannon's Code (Code of 1858, section 2755), unless the cause of action is the same in both cases. It was so held in *Hughes* v. *Brown*, 88 Tenn., 578, 584, 8 L. R. A., 480, where the court held the statute applicable "provided that suit and this are substantially for the same cause of action, and the parties in each suit are identical."

We are unable to find any authority which would sustain the proposition that the two suits rest upon the same cause of action. The former suit pleaded a wrongful act on the part of the defendant, through his servant, in negligently causing the death of Delius, for which the plaintiff claimed damages under the principles of the common law, as amended by the statutes controlling the survival of actions. In the present suit no wrongful act on the part of the defendant is involved. It is wholly immaterial whether Delius was killed by the negligence of defendant or by his own negligence, or by accident not caused by the fault of anyone. The basis of the present action is the contract of employment between defendant and Delius, which, by operation of law, imposed an obligation upon the employer to compensate the dependent widow and children of the employe, if killed by an accident within the scope of and arising out of the employment.

In *Mattix* v. *Swepston*, 127 Tenn., 693, 697, the court, after recognizing the difficulty of accurately defining the phrase, "cause of action," said: "With this qualification, it may be stated generally that the cause

of action includes all the facts which together constitute the plaintiff's right to maintain the action.''

Application of this definition can disclose no identity of cause of action in two suits, one of which is founded upon a contract of employment, creating the obligation sought to be enforced, and the other founded upon an alleged wrongful act in violation of personal rights not dependent upon contract. The difference between two such suits is not merely in the form of action. Different rights and obligations are presented for adjudication, and while the parties plaintiff may be the same in name in both suits, they sue in different capacities and rights, and are therefore not identical.

An action for damages for wrongful death may be brought in the name of the administrator of the deceased, or in the name of his surviving widow, under sections 4025-4027 of Shannon's Code. But in either event the cause of action is that which the deceased would have had if death had not ensued from his injury, and is prosecuted ''in the right of the deceased himself.'' *Whaley* v. *Catlett,* 103 Tenn., 347; *Railroad* v. *Leazer,* 119 Tenn., 1, 13. The cause of action prosecuted in the present suit is one created by statute for the surviving widow or dependents of a deceased workman, incidental to the latter's contract of employment, and is prosecuted in their own names and right.

The former suit for damages might have been brought and prosecuted by an administrator of the deceased, other than the widow. If that had been done, the distinct separateness of the two causes of actions, and the lack of identity of the parties in the two actions, would have been more apparent but not more real.

If the claim for compensation had been injected into the former action by amendment, in an added count to

the declaration, it seems obvious that a new statutory cause of action would thereby have been introduced, "wholly outside the object and purpose of the original suit." *Railroad* v. *Leazer, supra.*.

But if we should consider the cause of action identical in the two cases, it would be difficult to avoid the conclusion that the judgment in the damage suit would bar the action for compensation as *res adjudicata.* The statute, section 4446 of Shannon's Code, authorizes the bringing of a second suit on the same cause of action only when the adverse judgment in the first is rendered on "any ground not concluding his (plaintiff's) right of action." Its effect is that the adverse judgment in the first suit shall not bar the second suit unless the judgment itself "be one that brings to a rest or conclusion the action as then pitched and prosecuted, whether by dismissal, arrest or reversed." *Railroad* v. *Bolton,* 134 Tenn., 447, 455. This statute does not mean that if the first suit is prosecuted to a judgment which concludes the plaintiff's right of action "as then pitched and prosecuted," which was the effect of the judgment in the first suit here pleaded, a second suit may still be prosecuted against the same defendant for the same cause of action, in different form and based upon a different measure of recovery. This would be to require the defendant to answer the plaintiff twice for the same cause of action, a splitting of a single cause of action, in violation of a fundamental rule of pleading and procedure. *Railroad* v. *Moore,* 119 Tenn., 710; *Boyd* v. *Robinson,* 93 Tenn., 1, 28; *Renkert* v. *Elliott,* 79 Tenn., 235, 250; *Parkes* v. *Clift,* 77 Tenn., 524. The statute can be given no such effect. "It was only intended to save the bar of the statute of limitations in the cases specified. It would not otherwise change the

effect of a former judgment or decree as *res adjudicata."*
*Parkes* v. *Clift, supra.*

In *Southern Ry. Co.* v. *Grigsby, supra,* we said:
"Instances frequently arise in which it is quite difficult to tell whether a particular case falls under a State Compensation Act or the Federal Employers Liability Act. In such circumstances, it may be possible to proceed under both statutes until the facts are developed. *Corbett* v. *Boston & Maine R. Co.,* 219 Mass., 351, 12 A. L. R., 683. Our statute would hardly be construed to require a binding election at the outset in one of these border line cases."

In so holding we necessarily assumed that the two causes of action are not identical, as clearly demonstrated in the Massachusetts case referred to in the quotation. If they are identical no question of election could arise, for judgment on the merits in one suit could be properly pleaded as *res adjudicata* in the other.

We have been able to discover no theory, consistent with established rules of law and procedure, by which the plea of the limitation of the statute can be avoided. As indicated in *Southern Ry. Co.* v. *Grigsby,* the pendency of the action for damages would have been no bar to a suit for compensation instituted within the statutory period. The employer did nothing to mislead or deceive the petitioners, but pleaded the application of the compensation law before the expiration of the year within which this suit might have been brought. The statute confers upon the employer the legal right to plead the limitation as a bar to the suit, and the right being clear, judgment must go accordingly. The judgment of the circuit court is therefore reversed, and the suit dismissed.

██ This being an action for compensation in which the right is admitted, except for the bar of the statutory limitation, the costs are adjudged against the plaintiff in error, under Acts 1917, chapter 107.