GEORGE COOPER, ADMINISTRATOR, PLAINTIFF IN ERROR, *v.* BLUE DIAMOND COAL COMPANY, DEFENDANT IN ERROR.

*(Knoxville,* September Term, 1932.)

Opinion filed November 26, 1932.

J. N. Russell, for plaintiff in error.

Sam E. Young, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

The original petition was filed herein by plaintiff stating that he was the administrator of the estate of James C. Cooper, deceased, that James C. Cooper was a minor in the employ of defendant company and met his death in an accident arising out of and in the course of his employment. It was averred that deceased left several dependent children and the suit was brought to recover the statutory compensation for the benefit of said dependents.

A demurrer was filed to this petition making the point that the administrator of deceased had no interest in the compensation suit and was not entitled to maintain the suit. This demurrer was overruled. An amended petition was filed, similar to the original petition, setting out the facts somewhat more fully. A similar demurrer to the amended petition was overruled and the defendant company answered.

Thereafter a second amendment was offered by which the plaintiff sought to sue in the capacity of next friend for the benefit of the minor dependents, instead of as

administrator of the estate of their father for their benefit.

The court below refused to permit this second amendment on the ground that it was a new cause of action and was barred by the twelve months limitation of suits under chapter 123 of the Acts of 1919 prescribed in that Act. Then, apparently reconsidering his action on the demurrer to the original petition and the amended petition, the court sustained the motion to dismiss and the demurrer, and threw out the entire case.

We think the court below should have permitted the second amendment, if such an amendment was deemed necessary to the maintenance of the suit.

■ In *Southern Railway Co.* v. *Grigsby,* 155 Tenn., 285, it was held that unless the employer filed with the Division of Workmen's Compensation, under the Department of Labor, a notice stating his willingness to pay compensation when it was shown that the death was one for which compensation was payable, as provided by subsection 2 of section 31 of chapter 123 of the Acts of 1919, no limitation of time was provided for the institution of proceedings by dependents of a deceased employee to recover compensation. That the statute did not begin to run until said notice by the employer was so filed and that the dependents had twelve months within which to bring their suit after the filing of said notice.

There is nothing in this record to show that any such notice was ever filed by the employer herein—nothing to set in operation the statute of limitations, as against these dependents.

■ Moreover we do not think that the second amendment introduced any new cause of action. The original petition and the first amended petition, brought by the

person who' had qualified as administrator of the deceased, showed that these petitions were filed for the use of the dependents. The administrator was not suing for the benefit of the estate he represented.

Section 8619 of the Code is as follows:

"In all suits prosecuted in the name of one person for the use of another, the person for whose use the suit is brought shall be held to be the real plaintiff of record."

Under this statute, therefore, the dependents for whose use this suit was originally brought, were the real petitioners of 'record. Since the original petition disclosed that the person who had qualified as administrator of deceased was suing, not for the estate of deceased, but for the use of these dependents, we think he might very well have been treated as next friend all the while. He did not undertake to come into court in his official capacity but he appeared in the interest of said dependents.

Reversed and remanded for further proceedings.