BERRY *v.* KROGER GROCERY & BAKING CO.

(*Nashville*, December Term, 1935.)

Opinion filed January 11, 1936.

Lewis E. Lamb and Clyde H. Koen, both of Memphis, for plaintiff in error.

Armstrong, McCadden, Allen, Braden & Goodman and Emmett Braden, all of Memphis, for defendant in error.

Mr. Justice DeHaven delivered the opinion of the Court.

This is a suit brought under the Workmen's Compensation Act of Tennessee (Code 1932, sec. 6851 et seq.). The record discloses that Semmie Johnson, twenty years

of age, and unmarried, was accidentally killed on September 30, 1932, in an accident that arose out of and in the course of his employment with the defendant, Kroger Grocery & Baking Company.

Mattie Johnson is the mother of deceased. Petitioner, Mattie Florence Berry, aged nine, is the illegitimate grandniece of Mattie Johnson, and was reared by her. Deceased lived with his mother and contributed to her support. Mattie Johnson had three other sons, to-wit, Cleveland, aged twenty-five, John, aged twenty-three, and Charlie, aged about thirty. She says that Cleveland and John also lived with her and helped financially, when they had work.

The accident was promptly reported by defendant's insurance carrier to the Division of Workmen's Compensation at Nashville. Within a short time, the carrier offered to Mattie Johnson the sum of $3 per week for $400 weeks, on the basis that she was a partial dependent. On December 8, 1932, a card was received by the carrier's adjuster from the Division of Workmen's Compensation inquiring about the status of the case. On December 14, 1932, the adjuster wrote said division as follows:

"Division of Workmen's Compensation,

"Nashville, Tennessee.

"Re: C-412906—Kroger Grocery & Baking Co.—Semmie
Johnson—3263

"Your File #5523.

"Gentlemen:

"Replying to your inquiry of the 8th instant, no final settlement agreement has been executed in this case. We have offered settlement to the dependent on basis of

partial dependency and she, to date, has not accepted same. We will advise you as to final disposition.

"Yours very truly,

"DOBBINS & COMPANY,

"By ———————"

On October 10, 1932, the Division of Workmen's Compensation addressed a letter to the legal dependents of the deceased, inclosing forms 13 and 16 for execution. These were never returned to the division.

Mattie Johnson refused to accept the compensation offered by the carrier, and proceeded to institute suit against the Kroger Grocery & Baking Company for allowance under the Compensation Act. The final result of that suit was that she was granted the same allowance that she had rejected prior to the institution of her suit. After the termination of the Mattie Johnson suit, the present suit was instituted on behalf of Mattie Florence Berry.

Defendant, among other defenses made, specially pleaded the one-year limitation provided for in the Compensation Act. The trial judge found that the action was barred under the act, and dismissed the suit. From this action of the trial judge, petitioner has appealed to this court and assigned errors.

Subdivision 2 of section 6884 of the Code, dealing with the time actions or proceedings under the Workmen's Compensation Act shall be instituted, is as follows:

"(2) Actions or proceedings of dependents.—Action or proceedings by dependents to determine or recover compensation, one year after the date of notice in writing given by the employer to the division of workmen's compensation, stating his willingness to pay compensa-

tion when it is shown that the death is one for which compensation is payable."

As hereinbefore shown, defendant, through the insurance carrier, wrote the Division of Workmen's Compensation, under date of December 14, 1932: "We have offered settlement to the dependent on basis of partial dependency and she to date, has not accepted same. We will advise you as to final disposition."

The only requirement as to the form of the notice in the statute is that it express a willingness to pay compensation when it is shown that death is one for which compensation is payable. The notice given did express a willingness to pay compensation. In fact, it went further and showed that compensation had actually been offered Mattie Johnson. We think the notice was in substantial compliance with the statute. It is not required by the statute that the notice refer by name to the dependents. *Oman* v. *Delius,* 162 Tenn., 192, 35 S. W. (2d), 570. Thus the omission of the name of the child, Mattie Florence Berry, is unimportant. The statutory limitation began to run from the giving of the notice, and the dependents of the deceased had twelve months within which to bring suit after such notice was filed. *Cooper, Adm'r,* v. *Blue Diamond Coal Co.,* 165 Tenn., 315, 54 S. W. (2d), 711. After the giving of the notice, the employer's right to invoke the statutory limitation is in no way made dependent on any action on the part of the Division of Workmen's Compensation.

■■ The statute does not contemplate separate suits against the employer by the several dependents of a deceased workman. In fixing the allowance, all of the dependents entitled to compensation must be taken into

consideration. Thus, under subdivision 17 of section 6883, it is provided: "The compensation payable to partial dependents shall be subject to a maximum of sixteen dollars per week, and a minimum of five dollars per week," etc. If independent suits could be maintained by each of several dependents, the result might be that the employer would be required to pay, in the aggregate, a compensation beyond that fixed by the statute. Thus, in the instant case, petitioner is seeking an allowance of $3 per week although defendant is already paying $3 per week to the mother, under judgment of the court.

The record in this case does not present a situation where a dependent has been deprived of a right by lack of knowledge of the facts and circumstances surrounding the death of Semmie Johnson. With full knowledge of all the facts with respect to the alleged dependency of the minor child, Mattie Johnson litigated with the Kroger Grocery & Baking Company the amount of compensation that should be paid by it on account of the accidental death of her son. She stood *in loco parentis* to this child, and yet she failed to present to the courts, in her litigation, the question of whether additional compensation should be allowed for the support of the child.

Without further elaboration, we conclude that the judgment of the trial court must be affirmed.