MOORE *v.* NASHVILLE UNION STOCK YARDS, INC.

*(Nashville*, December Term, 1935.)

Opinion filed February 18, 1936.

DAVID KEEBLE and WM. M. GREENE, both of Nashville, for plaintiff in error.

WM. HOWARD EWING and NORMAN FARRELL, both of Nashville, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

From a judgment dismissing her petition under the workmen's compensation statute (Code 1932, section 6851 et seq.) to recover for the death of her son, alleged to have resulted from an accident sustained while in defendant's employ, the petitioner has appealed to this court.

A serious qestion arises as to the admissibility of the evidence by which petitioner undertook to show that the dead boy sustained an accident arising out of and in the course of his employment. For the purposes of this opinion, we may omit consideration of that question.

The deceased was seventeen years of age at the time he is said to have met with the accident. He was employed in the defendant's stockyards and it is averred that he was kicked on the leg by a cow, while driving cattle into a pen, in December, 1934. Evidence introduced by petitioner tends to show that the kick of the

animal made a bruised place on the boy's leg, that the limb began to pain him, and that he began limping just after receiving the blow. The boy's leg continued to hurt him and he continued to limp, but neither he nor his mother seems to have regarded his condition serious. He kept on working.

Some time in the spring of 1935 the deceased went to a negro called "Doc" and took some electrical treatments. The mother does not know who "Doc" was, whether he was a licensed physician or not. Thereafter the young man went to a chiropractor and took some treatments. His mother from time to time bathed his leg with hot water.

The boy's leg steadily grew worse, and in April, 1935, he went to the General Hospital. During April, 1935, defendant's manager learned of the boy's condition, the boy having quit work, and defendant's manager, in company with an attorney for defendant's insurer, called on the mother, and, after obtaining her permission, removed the boy from the General Hospital to St. Thomas Hospital, where it was thought he would have better treatment. An operation was performed on the boy's leg. The bone was found to be in bad condition, fever followed, and complications described in the record by medical terms, and death resulted in July, 1935.

No officer or superior servant of the defendant had any knowledge that an accident had happened to the young man, or that there was such a claim, until April, 1935. According to petitioner's evidence, the boy undertook to conceal his disability from his employer, fearing he would lose his job if the employer learned of any physical incapacity. It further appears from evidence introduced by petitioner that the boy, when asked by persons at

the stockyard about his lameness, replied that he had rheumatism.

The testimony of Dr. Brower, speaking from X-ray pictures made of the boy's leg at the hospital and from the history of the case, tends to show that proper medical treatment and advice in the beginning of the boy's trouble would have prevented serious consequences. The defendant insists that it is absolved of any liability herein by reason of the failure of the young man to give the notice of injury, within thirty days after the occurrence of the accident, as prescribed by Code, sections 6872, 6873. Dr. Brower's testimony shows rather clearly that the employer was prejudiced by failure to receive such notice, if liability exists.

The petitioner insists that her son having been under eighteen years of age at the time of the accident was relieved of the obligation as to notice imposed by the sections of the Code just mentioned. This contention cannot be sustained.

Code, section 6872, exacts this notice of "every injured employee or his representative . . . unless reasonable excuse for failure to give such notice is made to the satisfaction of the tribunal to which the claim for compensation may be presented."

Code, section 6852 (b), provides that " 'employee' shall include every person, including a minor, in the service of an employer," etc.

These two statutory provisions mean that every employee must give the prescribed notice and that one in the service of an employer, although he be a minor, is still an employee.

There is nothing in the record indicating that the deceased was illegally employed under the child labor stat-

utes, Code, section 5314 et seq. There is an intimation in *Western Union Telegraph Co.* v. *Ausbrooks,* 148 Tenn., 615, 257 S. W., 858, 33 A. L. R., 330, that, although a minor was illegally employed, his representative after an accident resulting in his death might elect to ratify the contract and recover under the Workmen's Compensation Act. Such an observation, however, was *dictum* in that case and is beside the case before us.

In *Campbell* v. *Coal & Iron Corp.,* 151 Tenn., 132, 268 S.W., 377, it was expressly decided that a minor employee over eighteen years of age was bound by the statutory provision above quoted as to notice. It was inadvertently suggested that such statutory notice would not be required of an infant employee under eighteen years of age. The rights of no employee under eighteen years of age were before the court for consideration in that case.

We have heretofore shown from the statute that the notice is exacted of every employee and that, although a minor, such an employee is still an employee. A recovery under the Workmen's Compensation Act is a recovery obtained as under contract. The statute imposes its terms upon such contracts of employment as it covers. So, when a minor, or his representative, sues under the workmen's compensation statute, the burdens of that statute cannot be escaped. This minor's contract of employment was voidable only. When the minor's representative affirmed the contract and sought its benefit, such representative ratified the contract as a whole with all its obligations. This principle finds frequent application in cases which apply the contract limitations of insurance policies to minors. *Heilig* v. *Aetna Life Ins. Co.,* 152 N. C., 358, 67 S. E., 927, 20 Ann.

Cas., 1290; *Mead* v. *Phoenix Ins. Co.*, 68 Kan., 432, 75 P., 475, 64 L. R. A., 79, 104 Am. St. Rep., 412; *Suggs* v. *Travelers' Ins. Co.*, 71 Tex., 579, 9 S. W., 676, 1 L. R. A., 847.

The petitioner relies on *McClain* v. *Kingsport Imp. Corp.*, 147 Tenn., 130, 245 S. W., 837, in which it was held that minor dependents, under sixteen years of age, prior to the appointment of a guardian, were not bound by the provisions of Code, section 6872, as to notice. This conclusion necessarily followed from the terms of the statute. The notice is required of "every injured employee or his representative" under Code, section 6872. Code, section 6852 (b), provides "any reference herein to an employee who has been injured shall, when the employee is dead, also include his legal representatives, dependents and other persons to whom compensation may be payable under this chapter." The minors in *McClain* v. *Kingsport Imp. Corp.*, had no legal representative for more than thirty days after the accident and, being dependents under eighteen years of age (Code, section 6858), compensation could not have been paid to them directly and there was no person "to whom compensation may be payable" until a guardian was appointed.

No valid reason for the failure on the part of this young man to give the employer notice of the accident he is said to have sustained is apparent on the record before us. The boy kept on with his work for some months, and, as heretofore stated, seemed to have made an effort to conceal his injury rather than to inform the employer thereof.

■ ■ We do not see how any waiver of its right to notice can be asserted against the employer here. True, the employer undertook to look after the boy when his

condition was learned. The employer seems to have paid the hospital bill, the doctor's bill and funeral expenses. All these things, however, were done long after the thirty days provided for notice expired. The employer was discharged at the time of the acts relied on as a waiver. Neither the employee nor his mother was prejudicially misled. Any right to compensation had been lost by the failure to give notice. There was no ground upon which to base an estoppel as in most of the cases upon which petitioner relies. Neither was there any consideration for the alleged waiver. Ordinarily, to constitute the waiver of a condition of a contract, there must be a consideration or an element of estoppel. *American Central Ins. Co.* v. *McCrea, Maury & Co.*, 76 Tenn. (8 Lea), 513, 41 Am. Rep., 647; *Dale* v. *Continental Ins. Co.*, 95 Tenn., 38, 31 S. W., 266.

Affirmed.