FRANSE *v.* KNOX PORCELAIN CORPORATION.

(*Nashville,* December Term, 1936.)

Opinion filed January 18, 1937.

HAL H. CLEMENTS, NORMAN B. MORRELL, and HAL H. CLEMENTS, JR., all of Knoxville, for plaintiff in error.

GREEN, WEBB, BASS & McCAMPBELL, of Knoxville, for defendant in error.

MR. SPECIAL JUSTICE DAVIS delivered the opinion of the Court.

The plaintiff seeks an award under the Workmen's Compensation Act (Code 1932, sec. 6851 et seq.), for an injury alleged to have been suffered by him growing out of and in the course of his employment by the defendant. The trial court sustained a plea of the statute of limitations of one year and dismissed the suit. The application of the one-year limitation is the only question made upon the record.

The petition was filed January 9, 1936. The petitioner avers that he suffered an accident about the last day of October or the first day of November, 1931; that on said date, while engaged in his duties, a mechanical appliance, known as a "plunger," fell and struck him in the back, knocked him to the ground, and rendered him unconscious; that he was carried into defendant's office, and there administered first aid, after which treatment he felt better and stayed at his work for the remainder of the day, was able to go to work the next day, and has continued to work for the defendant from time to time; that his back would pain him at times and cause him trouble, but the pain would disappear, and would not interfere with his labor; that in March, 1935, he consulted a physician, and then found that his spine had suffered an injury; that since the said examination, the severity of the pains in his back have increased; that he has been compelled to wear a steel brace; and that it is but a matter of time until he will be unable to perform manual

labor of any kind, by reason of said injury. He further charges that at the time of the accident there was nothing to indicate the nature and extent of his injury.

The petition contains no charge that either the accident or injury were concealed from him by the defendant, nor is it charged that the defendant knew or could have known of the extent of his injury, or of the fact that, with time, the effects of the injury would grow more severe.

The petitioner charges that he was a minor at the time he was injured, but that he attained his majority on January 13, 1935.

Our Workmen's Compensation Act specifically includes a minor as an employee. Code, sec. 6852 (b). And it provides that the right to compensation shall be forever barred, unless, within one year after the accident resulting in injury or death, a claim for compensation is filed with the tribunal having jurisdiction to hear and determine the matter. Section 6874. And it provides that actions or proceedings to recover compensation shall be limited to one year after occurrence of the injury. Code, sec. 6884 (1). And under subsection (4) of section 6884, wherein the right is given to the physically or mentally incapacitated to assert his rights within one year from the date such incapacity ceases, minors are expressly excluded from such privilege. And in *Scott* v. *Nashville Bridge Co.*, 143 Tenn., 86, 223 S. W., 844, the act is construed to endow minors with the right to make contracts otherwise lawful, and it is said that, for the purpose of the act, the minor had become an adult, or at least is placed on the same plane. And while it is held in *McClain* v. *Kingsport Imp. Corp.*, 147 Tenn., 130, 245 S. W., 837, that infancy of dependents is reason-

able excuse for failure to give the thirty-day notice to the employer, that authority has no relation to the duty of a minor employee to bring suit to recover benefits under the act within the period of limitation fixed therein.

We are referred to some authorities from Missouri, Nebraska, and other states, which hold that, under the acts of those states, an employee who suffers a latent injury, progressive in its nature, may be entitled to compensation when the disability is discovered to exist, and that failure to make claim within the statutory limitation, after the accident, will not deprive the employee of his rights. But this court has construed the word "injury" as used in our act to be synonymous with the word "accident" as used therein. *Graham* v. *J. W. Wells Brick Co.,* 150 Tenn., 660, 266 S. W., 770.

In *Oman* v. *Delius,* 162 Tenn., 192, 35 S. W. (2d), 570, where the rights of dependents were involved, this court applied the one-year statute from the date of notice, as a bar to the suit, and spoke of the statute as fixing an "arbitrary and unchanging limitation of one year" within which suit may be brought.

And in *Moore* v. *Stock Yards, Inc.,* 169 Tenn., 638, 90 S. W. (2d), 524, this court held that the mere fact that the employee was only seventeen years of age was no excuse for failure to give the statutory thirty-day notice. And the statute is more imperative in its requirement for the bringing of suit within one year after the accident and injury than it is with reference to the giving of notice of the injury. See, also, *Berry* v. *Kroger Groc. & Baking Co.,* 169 Tenn., 519, 89 S. W. (2d), 344.

■■ The general rule seems to be that where no exception is provided by the statute, in favor of the minor, the requirement for the filing of claims within a

specified time applies to him, and his failure to comply with the statute precludes him. 71 C. J., 1025. Under our act, not only is there no exception in favor of the minor, but on the contrary, he is expressly included within the limitation period, as already pointed out.

The judgment of the trial court must be affirmed.