ROBINSON *v.* CITY OF MEMPHIS.

(*Jackson*, April Term, 1937.)

Opinion filed May 22, 1937.

T. B. PASSMORE, of Memphis, for plaintiff in error.

WM. GERBER and ABE D. WALDAUER, both of Memphis, for defendant in error.

MR. SPECIAL JUSTICE FRANK T. FANCHER delivered the opinion of the Court.

Plaintiff, a minor, suing by next friend, brought his action against the City of Memphis to recover damages for personal injuries by reason of falling upon an alleged defective sidewalk. The declaration did not aver that statutory notice had been given to the City of Memphis, as required by section 8596 of the Code of Tennessee.

It is alleged that a large hole in the surface of and extending through the concrete to a considerable distance had existed for many months in the sidewalk, the City of Memphis having actual notice of its existence. Plaintiff, a child of twelve years of age, coming home from play about dusk, upon roller skates, not seeing this hole in the sidewalk, ran into it and fell, resulting in severe personal injuries. It is averred that she was of such immature age and lack of mental capacity as to be unable to know or take any cognizance of the requirement of law or to comply with its mandates as to specific notice of her injuries to the proper official of the city; and that because of such incapacity she was excused by law of the said statutory requirement of notice.

A demurrer to this declaration was sustained by the court and the case now comes to this court by appeal, presenting the question as to whether she would be excused from giving notice by reason of her immature years and lack of mental capacity.

The direct question, it seems, has not been decided in this state by any reported case putting that direct question at issue, but the principle involved has been stated and the opinion of this court forecast in several opinions.

There are two lines of authorities upon this subject, upon each of which there is considerable authority. The

proposition is well illustrated by two annotated cases; the first is *Randolph* v. *City of Springfield*, a Missouri case reported in 302 Mo., 33, 257 S. W., 449, 31 A. L. R., 612, note, p. 619. It appears that there is authority from a number of states holding that the failure to give notice of an accident or injury within a specified time thereafter as a condition of holding a municipality liable therefor does not necessarily bar recovery, since failure to comply with the literal terms of the statute may be excused by physical or mental incapacity, or where the injured person is bereft of reason, or where unavoidably prevented from so doing, or that there is other reasonable excuse not prejudicing the defense. Authorities upholding this proposition are opinions from some of the federal courts, and from the state courts of Illinois, Missouri, New York, Oklahoma, Washington, North Carolina, and perhaps other states.

On the other hand, it was stated by the annotator that there have been a few decisions to the general effect that incompetency or incapacity resulting from an injury does not excuse failure to give the notice to a municipality, which the statute makes a prerequisite to the maintenance of an action against it. This question is further annotated in the reported case of *Szroka* v. *Northwestern Bell Telephone Co. and City of Minneapolis*, 171 Minn., 57, 213 N. W., 557, 59 A. L. R., 404, note, p. 411. The authorities on this subject at the present time may be said to be somewhat evenly divided in point of number of states and cases.

Bearing upon the controlling principle we have the case of *Franze* v. *Knox Porcelain Corp.* (1937), 100 S. W. (2d), 647, in which this court had before it for construction the Workman's Compensation Statute, and it

was there stated to be the general rule that, where no exception is provided by the statute in favor of the minor, the requirement for the filing of claims within a specified time applies to him, and his failure to comply with the statute precluded him. It was further stated in this opinion that under our act there is no exception in favor of the minor, but that he is expressly included within the limitation period.

In Oman v. Delius, 162 Tenn., 192, 35 S. W. (2d), 570, it was said that the compensation statute fixed an arbitrary and unchanging limitation of one year within which suit may be brought.

Also, in Moore v. Stock Yards, Inc., 169 Tenn., 638, 90 S. W. (2d), 524, another compensation case, this court held that the mere fact that the employee was only seventeen years of age was no excuse for failure to give the statutory thirty days' notice. See, also, Berry v. Kroger Grocery & Baking Co., 169 Tenn., 519, 89 S. W. (2d), 344.

Our statute as to suit for injuries received by person or property on account of the negligent condition of any street, alley, sidewalk, or highway of a municipality, provides that no suit shall be brought against any municipal corporation in this state on account of such injuries unless within ninety days after such injury a written notice shall be served upon the mayor, stating the time and place where the injury was received and the general nature of the injury inflicted; it also provides that the failure to give such notice shall be a valid defense against any and all liability of the city which might otherwise exist on account of such defective or negligent condition of such street, alley, sidewalk, or highway.

In the case of *City of Knoxville* v. *Felding*, 153 Tenn., 586, 285 S. W., 47, 48, where an adult had failed to give the notice, it was said:

"The rigid application of statutes that require notice as a condition precedent to suit against the city, and the precision exacted as to time, place and nature of the injury, cannot be justified except upon the ground that originally the law forbade a recovery, and that the Legislature which could take away the remedy has annexed as a condition precedent to the right of recovery, the requirement of notice, and made mandatory a statement in the notice showing with precision the time, place, and nature of the injury. Hence the courts say that, because the Legislature has required by a mandatory statute the notice of time, place, and nature of the injury as a condition precedent to the right of recovery, no person can avail himself of the benefit of the law without strictly observing it. Such is the view of the Tennessee courts, supported by the weight of authority throughout the United States."

As above stated, there are a number of authorities holding that a notice of this character, which is a prerequisite to the bringing of a suit, is mandatory. The liability of the city is statutory, and the statute is a limit on that liability; no exceptions as to persons is made in the statute and none can be supplied by the courts. It imposes upon all persons, whether minors or not, the obligation to serve such notice in order to maintain an action. The liability of a city for injuries of this character rests exclusively upon express or implied provisions of the statute; it is therefore competent for the Legislature to limit such liability or remove it entirely. *Morgan* v. *Des Moines* (C. C. A., 1894), 60 F., 208;

*Baker* v. *Manitou* (C. C. A., 1921), 277 F., 232; *Palmer* v. *City of Cedar Rapids* (1914), 165 Iowa, 595, 146 N. W., 827, Ann. Cas. 1916E, 558; *Peoples* v. *City of Valparaiso* (1912), 178 Ind., 673, 100 N. E., 70; *Davidson* v. *City of Muskegon* (1897), 111 Mich., 454, 69 N. W., 670; *Schmidt* v. *Fremont* (1903), 70 Neb., 577, 97 N. W., 830; *Madden* v. *City of Springfield* (1881), 131 Mass., 441; *Ransom* v. *City of South Bend* (1913), 76 Wash., 396, 136 P., 365; *Szroka* v. *Northwestern Bell Tel. Co. et al.* (1927), 171 Minn., 57, 213 N. W., 557, 59 A. L. R., 404; *Dechant* v. *City of Hays* (1923), 112 Kan., 729, 212 P., 682; *Hurley* v. *Town of Bingham* (1924), 63 Utah, 589, 228 P., 213.

Where the injured person was incapable of giving notice, and excusing the failure, it is urged that the law does not seek to compel one to do that which he cannot possibly perform, whether rendered incapable by physical or mental inability. It may be somewhat of a harsh rule to apply in some instances, to require a minor of tender years, and who may be, as alleged in this declaration, of such immature age and lack of mental capacity as to be unable to know or take cognizance of this requirement of the law; but the answer to this is that the statute has made no exception because of infancy or incapacity. That is a matter for the lawmaking body. It is the duty of the court to enforce the law as it is made. Some of the cases holding that the giving of notice is an absolute prerequisite to the maintenance of the action have applied it to minors of very tender years, even as low as four years of age. In line with the former decisions of this court we must conclude that the excuse set out in the declaration, of immaturity of age and a consequent lack of knowledge, cannot take the place of

this prerequisite of notice which is a condition precedent upon which any suit may be brought, made so in plain terms by the statute.

The judgment of the lower court must be affirmed.