TROBAUGH *v.* HARPER.

(*Knoxville*, September Term, 1950.)

Opinion filed December 10, 1950.

C. FRANK DAVIS, of Morristown, for complainant.

O. L. McMAHAN, of Morristown, for defendant.

410

Mr. Justice Prewitt delivered the opinion of the Court.

Complainant, Mrs. George Harper, was regularly employed by her sister, Edna Trobaugh, operating as Trobaugh Florist in Morristown, Tennessee. She received an injury to her knee, growing out of and in the course of her employment, on December 26, 1945. She signed a settlement agreement with her employer and insurance carrier on May 13, 1946 providing for a settlement of her then disability. This settlement on May 13, 1946 was for a lump sum payment of $266.40. She continued to go to Dr. Penn for treatment to her knee but was finally dismissed on July 11, 1946. This physician advised her that further observation was not necessary and that in his opinion, no permanent disability had resulted. The complainant's bill in the present case was not filed until August 11, 1947, so the question is whether Williams' Code, Section 6874 applies, or whether Code Section 6884 controls.

Section 6874 provides as follows: "6874. Claim for compensation is barred, when.—The right to compensation under this chapter shall be forever barred, unless one year after the accident resulting in injury or death occurred the notice required by the preceding section is given the employer and a claim for compensation under

the provisions of this chapter is filed with the tribunal having jurisdiction to hear and determine the matter''.

Section 6884 provides:

''6884. Limitation of time in which certain acts shall be done.—The time within which the following acts shall be performed under this chapter shall be limited to the following periods, respectively.

''(1)  Limit of time of actions or proceedings.— Actions or proceedings by an injured employee to determine or recover compensation, one year after the occurrence of the injury.

. . . . . .

''(3)  To obtain judgment.—Proceedings to obtain judgment in case of default of employer for thirty days to pay any compensation due under any settlement or determination one year after such default.''

The Chancellor held that under subsection 3 of Section 6884, complainant's suit was not barred.

In Section 6874 a general period of limitation was expressed, whereas in Section 6884 a more detailed and specific treatment of limitations of actions was made. The latter provisions limit and control the former. *Southern R. Co.* v. *Grigsby,* 155 Tenn. 285, 292 S. W. 3.

It will be observed that in Section 6874, a suit is contemplated. This is also true in the first part of Section 6884, but under subsection 3 a provision is made for additional time where a settlement has been made between the parties. In the latter case, thirteen months is available in certain cases.

It appears that while there was a lump sum settlement made on May 13, 1946, the complainant continued to go to her physician who treated her until July 11, 1946 when

he stated that he thought further treatment to her knee was unnecessary.

However, it appears that the defendant made a lump sum settlement, which seems adequate, and all that was due therein was paid. Subsection 3 of Section 6884 contemplates a case of default of the employer of thirty days to pay any compensation due under the settlement. Here there was no default, and no facts which would give rise to an estoppel on the part of the defendant.

It results that the decree of the Chancellor must be reversed and the suit dismissed at the cost of the complainant below.

All concur.